JOHN ABBOTT *v.* MARY LEWIS.

**Breach of Marriage Promise—Excessive Damages—Passion or Prejudice of Jury—Remittitur Damnum.**

The amount of damages assessed clearly indicates that the jury must have acted under the influence of passion or prejudice. Such fact was recognized by the appellee, and upon the suggestion of the court, consented that a judgment should be entered for two-fifths of the damages assessed.

Held, that when it appears that the jury were influenced by passion or prejudice in the assessment of damages, it may readily be concluded that the same cause influenced them in determining whether or not the appellee was entitled to recover at all.

APPEAL FROM CAMPBELL CIRCUIT COURT.

June 14, 1871.

OPINION BY JUDGE LINDSAY:

Avoiding any expression of opinion as to the preponderance of the evidence presented by the record, we are satisfied that the same does not preponderate upon either side to such an extent as would warrant the interference of this court upon that ground alone, had the jury returned a reasonable verdict for the appellee, or had they found for the appellant.

Considering all the testimony and bearing in mind the circumstances attending the refusal of appellant to perform his agreement to marry the appellee (if in point of fact any such agreement ever existed) we are forced to the conclusion that the damages assessed, $5,000, are so excessive as to clearly indicate that the jury must have acted under the influence of passion or prejudice.

Such fact was recognized by the appellee herself, and without being put upon terms, she voluntarily proposed to remit two-fifths of the amount of the verdict, and upon the suggestion of the court, and without then being required to do so, consented that judgment should be entered for two-fifths of the damages assessed.

If thus appearing that the jury were influenced by passion or prejudice in the assessment of damages, it may readily be concluded that the same cause influenced them in determining whether or not the appellee was entitled to recover at all.

We are of opinion that the court erred in overruling the motion of the appellant for a new trial, and feel assured that the ends of justice will be promoted by a retrial of the cause.

Wherefore the judgment is reversed and the cause remanded for a new trial.

*Ducker, Baker, for appellant.*